CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shonna Counter**, | **Case No.** |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Greystar Real Estate Partners, LLC**, a Delaware Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Shonna Counter complains of Greystar Real Estate Partners, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from Spinal Muscular Atrophy. Plaintiff drives a van that has a handicap placard issued by the state of California. She uses both a walker and wheelchair for mobility.

1

2.   Defendant Greystar Real Estate Partners, LLC owned the real property located at or about 727 W. 7th Street, Los Angeles, California, in February 2019.

3.   Defendant Greystar Real Estate Partners, LLC owns the real property located at or about 727 W. 7th Street, Los Angeles, California, currently.

4.   Defendant Greystar Real Estate Partners, LLC owned The Roosevelt Lofts located at or about 727 W. 7th Street, Los Angeles, California, in February 2019.

5.   Defendant Greystar Real Estate Partners, LLC owns The Roosevelt Lofts located at or about 727 W. 7th Street, Los Angeles, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

1  Act, which act expressly incorporates the Americans with Disabilities Act.

2      9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

3  founded on the fact that the real property which is the subject of this action is

4  located in this district and that Plaintiff's cause of action arose in this district.

5

6      **FACTUAL ALLEGATIONS:**

7      10. Plaintiff went to Roosevelt Lofts in February 2019, with the intention to

8  avail herself of its goods and services, motivated in part to determine if the

9  defendants comply with the disability access laws. Plaintiff was at the

10  apartment complex to look at an apartment for rent.

11      11. Roosevelt Lofts is a facility open to the public, a place of public

12  accommodation, and a business establishment.

13      12. Restrooms are one of the facilities, privileges, and advantages offered

14  by Defendants to patrons of Roosevelt Lofts.

15      13. On the day of plaintiff's visit, plaintiff needed to use the restroom that is

16  located on the fourth floor, which is where the leasing office is located.

17  Unfortunately, the restroom sink did not provide the proper clearance for

18  wheelchair users. In fact, the underside of the sink was just 25 inches above

19  the finish floor. This is not accessible. Indeed, plaintiff had difficulty getting

20  her legs under the sink. She had to extend her feet straight out to flatten her

21  lap.

22      14. Additionally, the plumbing underneath the sink was not wrapped to

23  protect against burning contact.

24      15. Currently, the restroom sink does not provide the proper clearance for

25  wheelchair users.

26      16. Currently, the plumbing underneath the sink is not wrapped to protect

27  against burning contact.

28      17. Plaintiff personally encountered these barriers.

Complaint

18. This inaccessible facility denied the plaintiff full and equal access and caused her difficulty.

19. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

20. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again when she returns.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.

23. Insulation can be installed under the sink at a cost of no more than $25.

24. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

4

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

25. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

1    with disabilities. 42 U.S.C. § 12183(a)(2).

2    27. Where knee clearance is required under an element as part of the clear

3    floor space, the knee clearance shall be 11 inches deep minimum at 9 inches

4    above the finish floor, and 8 inches deep minimum at 27 inches above the

5    finish floor. 2010 Standards § 306.3.3.

6    28. Here, not enough clearance was provided and this is a violation of the

7    ADA.

8    29. Hot water and drain pipes under lavatories must be insulated or

9    otherwise configured to protect against contact. 2010 Standards § 606.5.

10    30. Here, the failure to wrap the plumbing underneath the sink is a violation

11    of the ADA.

12    31. The Safe Harbor provisions of the 2010 Standards are not applicable

13    here because the conditions challenged in this lawsuit do not comply with the

14    1991 Standards.

15    32. A public accommodation must maintain in operable working condition

16    those features of its facilities and equipment that are required to be readily

17    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

18    33. Here, the failure to ensure that the accessible facilities were available

19    and ready to be used by the plaintiff is a violation of the law.

20

21    **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

22    **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

23    Code § 51-53.)

24    34. Plaintiff repleads and incorporates by reference, as if fully set forth

25    again herein, the allegations contained in all prior paragraphs of this

26    complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

27    that persons with disabilities are entitled to full and equal accommodations,

28    advantages, facilities, privileges, or services in all business establishment of

Complaint

every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

35. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

36. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

37. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 per occasion.

Complaint

1    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4  Dated: February 15, 2019          CENTER FOR DISABILITY ACCESS

5

6

7                                    By:

8                                    _____

9                                         Chris Carson, Esq.
                                          Attorney for plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint